Gary A. Zipkin
GUESS & RUDD P.C.
510 L Street, Suite 700
Anchorage, AK 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-Mail: gzipkin@guessrudd.com

Attorneys for XL Specialty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| KLUKWAN, INC. AND THE GENERAL INCOME TRUST, | |
|---|---|
| Plaintiff, | Case No. 1:13-cv-_____ |
| v. | Superior Court Case No.: 1JU-12-924 CI |
| XL SPECIALTY INSURANCE COMPANY, a Delaware Corporation, Licensed to Business in Alaska Under ID 8085, | |
| Defendant. | |

NOTICE OF REMOVAL

To: KLUKWAN, INC. AND THE
GENERAL INCOME TRUST
c/o James J. Sheehan, Esq.
Simpson, Tillinghast, Sorensen &
Sheehan
One Selaska Plaza, Suite 300
Juneau, Alaska 99801

XL Specialty Insurance Company ("XL"), by and through its attorneys, Guess & Rudd P.C., hereby removes to this court the state court action described below.

## I. Introduction

On November 9, 2012, Plaintiffs Klukwan, Inc. ("KLI") and the General Income Trust ("GIT") (collectively, "Plaintiffs") filed a suit against XL in the Superior Court for the First Judicial District at Juneau, Alaska, entitled <u>Klukwan, Inc. and the General Income Trust v. XL Specialty Insurance Company</u>, Case No. 1JU-12-924CI.

The Complaint alleges, among other things, that XL breached its contractual obligations under a private company insurance policy issued by XL to KLI when XL denied insurance coverage related to the lawsuit styled <u>Hotch v. Klukwan, Inc., at al</u>, Case No. 1PE-10-067 (Superior Court for the First Judicial District at Petersburg, Alaska) (the "<u>Hotch</u> action").[1] The Complaint against XL includes causes of action for (1) Declaratory Judgment, seeking an order that Plaintiffs are entitled to insurance coverage for the <u>Hotch</u> action; (2) Misrepresentation, claiming that XL's advertising was false and misleading as it relates to potential coverage for the <u>Hotch</u> action; (3) Violation of State Law, claiming that XL has violated "Alaska laws – AS 21.36.020, .030 and .125" in denying coverage for the <u>Hotch</u> action; (4) Bad Faith, claiming that XL's denial of coverage violates the covenant of good faith and fair dealing so that XL should be liable for punitive damages; (5) Breach of Contract, claiming that XL's denial of coverage is a breach of the terms of the insurance policy; (6) Breach of Covenant of Good Faith, claiming that XL's denial of coverage violates the covenant of good faith and fair dealing so that XL should be liable for compensatory damages; (7) Bad Faith Settlement Practices, claiming that XL's actions in refusing coverage were outrageous and in bad faith, so that XL should be liable for

---
[1] <u>See</u> Exhibit A, Complaint ¶¶ 8-13.

Notice of Removal
Klukwan v. XL Specialty Insurance Company, Case No. 1:13-cv-_____
State Court Case No. 1JU-12-923 CI
Page 2 of 6

Case 1:13-cv-00002-TMB   Document 1   Filed 04/04/13   Page 2 of 6

LAW OFFICES OF
GUESS&RUDD P.C.
510 L. ST., 7TH FLOOR
ANCHORAGE, AK 99501

punitive damages.  Plaintiffs' prayer for damages requests "an amount sufficient to compensate KLI and GIT for damages which may be proved, in an amount presently estimated to greatly exceed $100,000.00."[2]

This court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  There is complete diversity as between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 1446, XL has attached as Exhibit A all of the state court process, pleadings, and orders served upon it.  This Notice of Removal is filed within thirty days after service on XL of a copy of the original summons and complaint.  Id.[3]  XL has, simultaneously with this filing, also filed its Notice of Removal in the Superior Court for the First Judicial District at Juneau.

## II. Argument

A.  The Amount in Controversy Exceeds $75,000

Where a complaint sets forth a specific amount of damages in excess of the jurisdictional amount, then the plaintiff's allegations are controlling.[4]  Because the Complaint seeks compensatory damages in excess of $100,000, the requisite amount in controversy is satisfied.

---

[2] Id. at p. 5.

[3] The summons and complaint were served on the Alaska Director of Insurance on March 18, 2013 in accordance with AS 21.09.180-190, and then forwarded on to XL.

[4] See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283 (1938)).

Notice of Removal
Klukwan v. XL Specialty Insurance Company, Case No. 1:13-cv-____
State Court Case No. 1JU-13-223 CI
Page 3 of 6

Case 1:13-cv-00002-TMB   Document 1   Filed 04/04/13   Page 3 of 6

LAW OFFICES OF
GUESS&RUDD P.C.
510 L. ST., 7TH FLOOR
ANCHORAGE, AK 99501

B. Complete Diversity Exists As to All Parties

There exists complete diversity of citizenship between the parties. The Complaint alleges that KLI is an "Alaska Native Village corporation for Klukwan, Alaska, a Alaskan Native community located near Haines. KLI was chartered in 1973 pursuant to the Alaska Native Claims Settlement Act ("ANSCA"), and is licensed to do business in Alaska."[5] Accordingly, KLI is a citizen of the State of Alaska. The Complaint alleges that "GIT is an ANSCA Settlement Trust, established in 1995 by KLI... under ANSCA. The purpose of the [Trust] is to create an investment and education fund for the benefit of KLI Shareholders...."[6] Currently, there is a dispute as to who are the legitimate trustees of GIT. The board members of KLI serve as trustees for GIT, and there are currently two competing groups claiming to be the legitimate board of KLI (and, in turn, the trustees of GIT).[7] As a result, at this time, it is unclear who the trustees of GIT are for the purposes of removal jurisdiction. In any event, XL is informed and believes, based on the allegations in the Complaint, that GIT is an ANSCA Settlement Trust established by KLI for the benefit of KLI shareholders[8], and that all of the possible trustees are residents of Alaska.[9] Accordingly, GIT is a citizen of Alaska.

---

[5] See Exhibit A, Complaint ¶ 1.

[6] Id. at ¶ 2.

[7] See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that a trust has the citizenship of its trustees).

[8] Exhibit A, Complaint ¶ 2.

[9] The possible trustees include the following individuals: Rosemarie Hotch, Vincent Rinehard, Danita Aguilar, Irene Rowan, Tessie Chilton, Rod Worl, Brad Fleutsch, Delia Commander, Edward Hotch, Janice Hotch, Marilyn Wilson, Stan Hotch, David Land, Richard Jack Strong, Brian Willard, Albert Rinehart, Duane Wilson, Dorothy Kraun, Jason Hotch, Laverne Bryant, Kim Strong, and Marsha Warner.

LAW OFFICES OF
GUESS & RUDD P.C.
510 L. ST., 7TH FLOOR
ANCHORAGE, AK 99501

XL is, and was at the time of the filing of this action, a Delaware corporation, with its principal place of business in Connecticut. As such, XL is a citizen of Delaware and Connecticut for diversity purposes. 28 U.S.C. § 1332(c)(1).

III. Conclusion

Because the substantive requirements of federal diversity jurisdiction have been fully satisfied, XL respectfully requests that this court assume full jurisdiction over this action.

DATED at Anchorage, Alaska, this 4th day of April, 2013.

GUESS & RUDD P.C.
Attorneys for XL Specialty Insurance Company

By: _____
Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501
Phone: (907) 793-2200
Fax: (907).793-2299
E-Mail: gzipkin@guessrudd.com
Alaska Bar No. 7505048

# VERIFICATION FOR NOTICE OF REMOVAL

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

Gary A. Zipkin, being of lawful age and being first duly sworn, deposes and says that he has executed the above Notice of Removal, that he has read the same, and that the matters therein set forth are true to the best of his knowledge, information, and belief, and that he has signed the same freely and voluntarily

_____
Gary A. Zipkin

SUBSCRIBED AND SWORN TO before me this 4th day of April, 2013.

_____
Notary Public in and for Alaska
My Commission Expires 10/1/15

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2013, I mailed a true and correct copy of the foregoing document to:

James J. Sheehan, Esq.
Simpson, Tillinghast, Sorensen & Sheehan
One Selaska Plaza, Suite 300
Juneau, Alaska 99801

Guess & Rudd, P.C.

By: /s Gary A. Zipkin

LAW OFFICES OF
GUESS&RUDD P.C.
510 L. ST., 7TH FLOOR
ANCHORAGE, AK 99501

Notice of Removal
Klukwan v. XL Specialty Insurance Company, Case No. 1:13-cv-____
State Court Case No. 1JU-12-323 CI
Page 6 of 6